IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MONA BROWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-4112-CM |
| PINNACLE TRUST SERVICES, ) | |
| TRUSTEE OF THE HELEN E. ) | |
| HOLMSTROM TRUST #1A, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This removal action is before the court on competing motions for summary judgment: Defendant's Motion for Summary Judgment (Doc. 16) and plaintiff's Motion for Summary Judgment (Doc. 19). The case is set for a bench trial on the court's November 7, 2011 docket. It involves the apportionment of estate taxes against plaintiff's share of a trust.

Plaintiff originally filed this case in state court as a declaratory judgment action. Defendant removed the case, asserting that this court had federal question jurisdiction because the case involves a question whether defendant properly applied the Internal Revenue Code in apportioning federal estate taxes. Plaintiff did not challenge the removal and agreed in the pretrial order that federal jurisdiction exists.

The court, however, has a duty to examine its own jurisdiction. *See Columbian Fin. Corp. v. Bancinsure, Inc.*, – F.3d –, No. 10-3077, 2011 WL 2450969, at *3 (10th Cir. June 21, 2011) (citation omitted). Facially, no federal basis for jurisdiction is included in plaintiff's state court petition. It appears, then, that defendant essentially raises the Internal Revenue Code—specifically, 26 U.S.C. § 2207—as a defense. But removal of a case is not proper based on a defense. *See Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987); *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

The pretrial order entered in this case further complicates the jurisdictional question. Although plaintiff initially sought only declaratory relief (under Kansas law), she now seeks damages on her own behalf and on behalf of other beneficiaries of the estate. The court is uncertain on what basis plaintiff asserts standing to pursue the rights of other beneficiaries who have already agreed to the proposed distribution of the estate.

Before ruling on the pending motions for summary judgment, the court wants to ascertain whether it should retain jurisdiction over this case, or whether remand to state court is appropriate. The court therefore orders both parties to file briefs addressing the court's federal jurisdiction over this case by September 2, 2011. Each brief shall not exceed five pages. To the extent the parties disagree on the basis or existence of the court's jurisdiction, they may file response briefs—not to exceed five pages apiece—by September 9, 2011.

**IT IS THEREFORE ORDERED** that both parties shall file briefs addressing the court's federal jurisdiction over this case by September 2, 2011. Each brief shall not exceed five pages. To the extent the parties disagree on the basis or existence of the court's jurisdiction, they may file response briefs—not to exceed five pages apiece—by September 9, 2011.

Dated this 26th day of August 2011, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**