## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MONA BROWNING, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **Case No.  10-4112-CM** |
| PINNACLE TRUST SERVICES, | ) | |
| TRUSTEE OF THE HELEN E. | ) | |
| HOLMSTROM TRUST #1A, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This removal action is before the court on competing motions for summary judgment: Defendant's Motion for Summary Judgment (Doc. 16) and plaintiff's Motion for Summary Judgment (Doc. 19).  The case is set for a bench trial on the court's November 7, 2011 docket.  It involves the apportionment of estate taxes against plaintiff's share of a trust.

Because of concerns with the court's jurisdiction, the court recently ordered the parties to file briefs addressing the court's jurisdiction to hear the case.  In response, plaintiff stated that she believed the court does not have jurisdiction over the case because she did not include a federal basis for jurisdiction in her state court petition.  Defendant, on the other hand, argued that the court does have federal question jurisdiction because the case involves the proper application of federal estate tax law.

The court reviewed the briefs and the governing law.  Although the court agrees with defendant that application of the Internal Revenue Code may play a role in the case, the court also remains convinced that defendant has raised 26 U.S.C. § 2207 as a defense.  And removal of a case is not proper based on a defense. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Topeka*

*Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Neither does the "mere presence of a federal issue in a state cause of action . . . automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The court construes the removal statutes narrowly, *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005), and resolves doubts about removal in favor of remand, *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Defendant, as the party asserting the court's jurisdiction, bears the burden of showing that removal from state to federal court is appropriate. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Plaintiff's state court petition does not contain a reference to federal law. Although the court determines its jurisdiction based on the contents of plaintiff's petition, the court further notes that defendant's summary judgment briefing focuses on whether the trustee followed the terms of the trusts—not federal law. Interestingly, in defendant's brief in opposition to plaintiff's motion for summary judgment, defendant states, "The Court Must Look Beyond 26 U.S.C. § 2207." (Doc. 21, at 8.) Defendant then argues that it acted in accordance with both Kan. Stat. Ann. § 79-15,126(f) and 79-15,126(h) in apportioning the estate taxes in this case. (*Id.* at 8–9.)

The court reviewed the law that defendant cited in its briefs in support of the court asserting jurisdiction. The cases are neither directly on point nor dispositive of the issue. The court does not fault defendant, however, as the court had difficulty finding a case directly on point, as well.

When in doubt about jurisdiction, the court is compelled to remand the case. The court bears this principle in mind and determines that this case is founded in state apportionment law. The court lacks federal jurisdiction over the case.

**IT IS THEREFORE ORDERED** that this case is remanded to the District Court of

-2-

Dickinson County, Kansas, for lack of federal jurisdiction.

Dated this 14th day of September 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**